[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JUNE 17, 1996
On April 4, 1996, the plaintiffs, Luis Gonzalez and Ilva Rivera, filed a two-count complaint seeking to recover uninsured motorist benefits under a policy issued by the defendant, Travelers Indemnity Co. (Travelers). The plaintiffs allege that on November 22, 1991, Gonzalez was operating his motor vehicle on Honeyspot Road, in Stratford, Connecticut, in which Rivera was a passenger, when his vehicle was struck from behind by an unidentified vehicle which immediately left the scene of the accident. The plaintiffs also allege that it was the negligence of the unidentified driver which caused the plaintiffs to suffer injuries. In their prayer for relief the plaintiffs seek double and treble damages pursuant to General Statutes § 14-295.
The defendant filed a motion to strike the plaintiffs' prayer for relief on April 16, 1996, on the grounds that there can be no CT Page 5005 recovery against an uninsured motorist carrier for a tortfeasor's violation of § 14-295, and that the plaintiffs have not alleged facts constituting recklessness. The plaintiffs have not filed a memorandum in opposition to the defendant's motion to strike.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Novametrix Medical Systems v. BOC Group, Inc.,224 Conn. 210, 214-15, 618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations . . . It does not include, however, the legal conclusions or opinions stated in the complaint. . ." S.M.S.Textile v. Brown, Jacobson, Tillinghast, Lahan and King, P.C.,32 Conn. App. 786, 796, 631 A.2d 340, cert. denied, 228 Conn. 903,634 A.2d 296 (1993). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied."Id. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems v. BOC Group, Inc., supra,
215.
The defendant contends that the plaintiff may not recover statutory multiple damages from its uninsured/underinsured insurance carrier pursuant to § 14-295.
"The public policy established by the uninsured motorist statute is that every insured is entitled to recover for the damages he or she would have been able to recover if the uninsured motorist had maintained a policy of liability insurance . . . [A]llowing a recovery of punitive damages under uninsured motorist coverage would, in effect, place the insured in a better position than would exist if the tortfeasor had been insured . . . Further . . . [the insurer here] has no relationship whatsoever, direct or indirect, to the tortfeasor nor to the conduct underlying the claim for punitive damages, and cannot allocate even a portion of the risk of damages to the tortfeasor by increasing the tortfeasor's insurance rates." (Citations omitted; internal quotation marks omitted.) Caulfieldv. Amica Mutual Insurance Co., 31 Conn. App. 781, 786-87,627 A.2d 466, cert. denied, 227 Conn. 913, 632 A.2d 688 (1993); see also CT Page 5006Allessa v. Allstate Insurance Co. Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 050550 (November 7, 1995) (Skolnick, J.).
Furthermore, the plaintiffs have only alleged negligence against the uninsured motorist, while § 14-295 requires that the injured party specifically plead that another party "has deliberately or with reckless disregard" operated a motor vehicle in violation of certain trigger statutes, and that such violation was a substantial factor in causing the plaintiffs' injuries. The plaintiffs have failed to specifically plead the facts necessary to invoke § 14-295, and that an insured may not recover statutory punitive damages under § 14-295 through uninsured/underinsured motorist coverage.
Accordingly, the defendant's motion to strike the plaintiffs' claim for damages under § 14-295 in the prayer for relief is granted.
Ballen, J.